**In re Harry CULLER, Karen Culler, Debtors.**

**Bankruptcy No. 90–10178.**

United States Bankruptcy Court, D. Rhode Island.

May 4, 1990.

Christopher Lefebvre, Pawtucket, R.I., for debtors.

Robert N. Huseby, Sr., Robert D. Fine, Licht & Semonoff, Providence, R.I.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on April 24, 1990, on the debtors' Motion to Adjudge Citizens Savings Bank in Contempt.

In their motion, the debtors allege that after they filed this Chapter 7 petition on February 9, 1989, the Bank repossessed their motor vehicle, sometime during the night of February 15 or in the early morning hours of February 16, 1989. Debtors further allege that thereafter the Bank sold the vehicle, on March 5, 1989, after receiving oral notice of the bankruptcy filing from the debtors, and after receiving written notice from the Court, all in violation of 11 U.S.C. § 362. The Bank contends that it was not until the instant motion was filed on March 22, 1990, that it actually received notice of the bankruptcy filing.

After hearing the testimony, observing the demeanor of the witnesses, and considering the arguments of counsel, we make the following findings of fact, conclusions of law and order for judgment:

1. The debtors have failed to establish that the Bank's repossession of the vehicle on February 16, 1989 was with actual knowledge of the bankruptcy filing.

2. We accept and find as fact, however, the testimony of the debtor, Harry Culler,

---

that he did speak with a representative of the Bank (Mr. Charles LeClerc) concerning his bankruptcy filing, and also about the repossession of his van, on the day after the vehicle was repossessed. This evidence is corroborated by Culler's daughter, Diana, whose testimony we find to be completely credible.

3. We also believe the testimony of Diana Culler, that she and her younger sister had several conversations with Bank personnel, in response to collection calls, both prior to and after the filing, during which they told the callers about the bankruptcy filing, and then referred the callers to the debtors' attorney, Christopher Lefebvre, Esq.

4. The negative inference of the debtors' pre and post-petition contacts with the Bank, proffered through the Bank's introduction into evidence of its computer readout of incoming telephone calls, does little to increase this Court's confidence in the integrity and/or infallibility of computer information.

5. The case file indicates, and we find as a fact, that the Bank received an official notice of the filing no later than February 21, 1990, more than five weeks prior to the date the vehicle was sold.

6. The Bank sold the debtors' motor vehicle with actual knowledge of the bankruptcy.

7. Based upon the above findings, we find that the Bank knowingly acted in violation of the automatic stay by selling the debtors' vehicle, after receiving actual notice of the filing, and that Citizen's Saving Bank is in contempt which is not merely technical.

8. Below is our assessment of sanctions, and of the damages sustained by the debtors as a result of the Bank's wrongful conduct:

(a) the Bank's deficiency claim after the sale of the debtors' vehicle, is DISALLOWED;

(b) we allow $750 as attorney fees to Mr. Lefebvre, Esq., for preparing, filing, and prosecuting the motion for contempt on behalf of the debtors;

(c) based on our finding that the sale was conducted with knowledge of the bankruptcy, and in the absence of a reasonable or credible explanation for the Bank's actions, we also impose punitive damages in the amount of $1000.